Edward T. Ellis  (N.J. Bar No. 028661990)
Wendy S. Buckingham  (N.J. Bar No. 182212016)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000
eellis@littler.com
wbuckingham@littler.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY GUERRIERO,<br><br>Defendant. | Civil Action No. _____<br><br>**VERIFIED COMPLAINT AND PETITION TO COMPEL ARBITRATION PURSUANT TO THE FEDERAL ARBITRATION ACT AND FOR A TEMPORARY RESTRAINING ORDER AND A PERMANENT INJUNCTION TO RESTRAIN THE FILING OF A COMPLAINT IN STATE COURT** |

Plaintiff ACE American Insurance Company ("Plaintiff" or "ACE"), pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, files this Complaint and Petition to Compel Arbitration, and states as follows:

### PARTIES

1. Plaintiff ACE American Insurance Company is incorporated in Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.

2. Defendant Anthony Guerriero ("Guerriero") is a citizen of the State of New Jersey, residing in Westfield, Union County, New Jersey.  From August 31, 2009, through June 30, 2016, Guerriero was an employee of ACE.

3. Guerriero has informed ACE, through a letter dated November 29, 2016, with a draft complaint, that he seeks to pursue employment-related claims against ACE pursuant to the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 *et seq.*, and New Jersey common law. ACE will file the draft complaint under seal because it contains descriptions of communications subject to the attorney-client privilege and commercially sensitive and valuable information, and because to file it publically would deprive ACE of one of the benefits of the arbitration agreement – private resolution of disputes.

## JURISDICTION

4. Guerriero was a highly compensated executive at ACE, and lost wages alleged by his attorney and his settlement demand exceeds $75,000. Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

## VENUE

5. Venue is appropriate in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1391(b), because Guerriero resides in this judicial district and a substantial part of the events giving rise to this action occurred in this judicial district.

## RELEVANT FACTS

6. Guerriero was an employee of ACE American Insurance Company and worked in the ACE Private Risk Services ("APRS") division of the company. ACE hired him on August 31, 2009. In June 2016, shortly after the acquisition by ACE's parent corporation of Chubb Corporation, Guerriero was laid off. His last day of work was June 30, 2016.

7. ACE maintains and enforces arbitration agreements with its employees pursuant to its Employment Dispute Arbitration Policy. (*See* Carson Cert. at ¶¶ 3-4, Exh. A.)

8. Upon entering into employment, an ACE employee receives with his/her employment offer the Employment Dispute Arbitration Policy, which consists of a two-page statement of policy followed by a signature page designated "Arbitration Agreement." (*See* Carson Cert. at ¶ 4, Exh. A at p. 1.) The employee signs the third-page and is supposed to return the entire document to the Human Resources Department. *Id.* This is ACE's uniform practice for onboarding employees, and it has been the practice for more than 10 years. *Id.*

9. Mr. Guerriero's offer of employment referenced the ACE Employment Dispute Resolution Program. (*See* Carson Cert. at ¶ 5, Exh. B.) Specifically, the letter stated, "the ACE Employment Dispute Resolution Program provides a quick, fair process for resolving workplace disputes. . . . the final step of the program includes mandatory and binding arbitration with a neutral third party arbitrator." *Id.* The offer letter enclosed a copy of the Employment Dispute Arbitration Policy directed Mr. Guerriero to "[p]lease sign it where indicated on the policy and return with this letter." *Id.*

10. Guerriero signed and returned page three of the Employment Dispute Arbitration Policy on August 31, 2009, which provides:

> I agree that, in the event I have any employment related legal claims, I will submit them to final and binding neutral third-party arbitration, in accordance with the ACE Employment Dispute Arbitration Policy recited above, which is made a part of this agreement. I understand that this agreement means that I cannot bring any employment related claim in court and that I waive my right to a jury trial for such claims.

(*See* Carson Cert. at ¶ 6, Exh. C.) Guerriero's personnel file does not presently contain the first two pages of what he was sent in August 2009, but he must have received all three pages because the process ACE uses to onboard employees has not changed for more than 10 years and that process has always included transmittal of the three-page document with the offer letter. *Id.* The offer letter itself, as noted above, references the three-page document. *Id.*

11.     In addition to receiving a copy of the ACE Employment Dispute Arbitration Policy with his offer letter, Guerriero, like all other ACE employees, could access the policy on ACE's Intranet site. (*See* Carson Cert. at ¶ 7.)

12.     The ACE Employment Dispute Arbitration Policy defines "ACE" as "ACE US Holdings, Inc., its subsidiaries and affiliates, and ACE INA Holdings, Inc., its subsidiaries and affiliates, ACE Insurance Company, ACE Financial Services Inc., and its subsidiaries, and ACE Capital Re USA Holdings incorporated and its subsidiaries." (*See* Carson Cert. at ¶ 8, Exh. A at fn. 1.) It also defines "employee" to include "current and former employees of ACE." *Id.* ACE American Insurance Company is a subsidiary of ACE INA Holdings, Inc., (subsequently renamed Chubb INA Holdings, Inc.).

13.     The ACE Employment Dispute Arbitration Policy contains a specific statement that defines the scope of claims and potential claims that must be submitted to arbitration:

> This policy covers all employment-related disagreements and problems that concern a right, privilege, or interest recognized by applicable law. Such disputes include claims, demands, disputes, controversies or actions under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Equal Pay Act, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act of 1974, the Fair Labor Standards Act, the Rehabilitation Act of 1973, the Americans with Disabilities Act, the Family Medical Leave Act, and any other federal, state or local statute, regulation, ordinance or common law doctrine, regarding unfair competition, employment discrimination, retaliation, whistle blowing, wage and hour matters, conditions of employment or termination of employment.

(*See* Carson Cert. at ¶ 9, Exh. A at p. 1.) The policy also clearly states that it "specifically covers state statutory whistleblower claims such as the New Jersey Conscientious Employee Protection Act." (Exh. A. at p. 2, fn. 3.)

14. ACE's Employment Dispute Arbitration Policy also requires ACE to arbitrate its claims against an employee and it "prevents both ACE and the employee from going to court over employment-related disputes." (Exh. A.)

15. The ACE Employment Dispute Arbitration Policy also states that it is the exclusive remedy for resolution of all employment-related claims, and states, "it is the policy of the ACE Companies ("ACE") that arbitration by a neutral third party is the required and final means for the resolution of any employment-related legal claim not resolved by the internal dispute resolution processes." *Id.*

16. On or about November 29, 2016, Guerriero's attorney, Richard Meisner of Jardim, Meisner & Susser, P.C., sent a demand letter to Michael Atieh, Chair of the Chubb Audit Committee of the Board of Directors, enclosing a draft complaint and demand for jury trial in New Jersey Superior Court. The draft complaint alleges that ACE violated the New Jersey CEPA, when it terminated Guerriero's employment for objecting to certain "unlawful" management practices. Guerriero also alleges that ACE invaded his privacy by intruding upon his seclusion.

17. On February 6, 2017, Guerriero's attorneys announced their intention to file a complaint in Superior Court of New Jersey in derogation of his obligations under the arbitration agreement.

18. Whether ACE violated the CEPA and committed common law torts, and if so, whether Guerriero is entitled to any relief, are questions that the parties have committed to arbitration pursuant to an agreement governed by the FAA.

19. If Guerriero files his complaint in New Jersey Superior Court, ACE will suffer immediate and irreparable injury because his draft complaint contains descriptions of attorney-client communications between Guerriero and in-house and outside counsel, all of which

5

occurred while Guerriero was a constituent of ACE, either testifying on behalf of ACE or being interviewed as part of an internal investigation. The draft complaint actually identifies certain of these communications as being of an attorney-client nature.

20. Further, the complaint contains commercially sensitive and valuable information about ACE, and ACE would be permanently and irreparably harmed if such information were to become public.

## COUNT I

### PETITION TO COMPEL ARBITRATION AND REQUEST FOR INJUNCTIVE RELIEF

21. Under 9 U.S.C. § 4, a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition a federal district court for an order directing that such arbitration proceed in the manner provided in such agreement.

22. Here, ACE and Guerriero are parties to a valid and enforceable arbitration agreement. The agreement is governed by the FAA and requires the arbitration of Guerriero's employment-related claims, including his CEPA claim.

23. In accordance with 9 U.S.C. § 4, ACE served written notice upon Guerriero's attorneys in December 2016 of the existence of a binding and enforceable arbitration agreement that covered Guerriero's employment-related claims. To date, Guerriero has stated he will not abide by his obligation to arbitrate. ACE, therefore, is aggrieved by Guerriero's failure, neglect, or refusal to arbitrate under his written agreement to do so.

24. Accordingly, ACE seeks an order from this Court directing ACE and Guerriero to proceed to arbitration in accordance with the terms of the arbitration agreement.

25. ACE also seeks a temporary restraining order and an injunction barring Guerriero from seeking to adjudicate any employment-related claims before any forum other than in

arbitration, including the New Jersey Superior Court. If Guerriero is not enjoined from seeking to have his claims adjudicated by a state court judge and interfering with the parties' arbitration agreement, the agreement will be rendered meaningless, Guerriero will frustrate the purpose of the arbitration agreement, and ACE will be irreparably harmed and forever deprived of the benefits of the arbitration agreement – which exists for the purpose of adjudicating the very legal disputes Guerriero and ACE have been unable to resolve.

## PRAYER FOR RELIEF

ACE prays for the entry of judgment in its favor and against Guerriero:

A. Directing Guerriero to arbitrate Guerriero's employment-related claims against ACE, in accordance with their arbitration agreement;

B. Declaring that the FAA preempts and supersedes any New Jersey state laws conferring jurisdiction over the claims and issues that are subject to the FAA-governed arbitration agreement between Guerriero and ACE;

C. Enjoining Guerriero from seeking to adjudicate his claims against ACE before any other forum other than in arbitration; and

D. Awarding ACE such other and further relief, in law or in equity, as this Court deems appropriate.

                          Respectfully submitted,

                          /s/ *Edward T. Ellis*
                          Edward T. Ellis
                          Wendy Buckingham
                          **LITTLER MENDELSON, P.C.**
                          Three Parkway
                          1601 Cherry Street, Suite 1400
                          Philadelphia, PA  19102.1321
                          267.402.3000
                          eellis@littler.com
                          wbuckingham@littler.com

Dated: February 7, 2017                *Attorneys for Plaintiff*

## VERIFICATION

I, John Roth, hereby certify as follows:

1. I am the Senior Counsel of ACE American Insurance Company ("ACE"). As such, I am authorized to make this Verification on behalf of ACE.

2. I have read the attached Verified Complaint and based on my personal knowledge the factual allegations contained in paragraphs 3, 19, and 20 of the Verified Complaint are true.

3. I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.

Executed on: February 7, 2017

9

## CERTIFICATE OF SERVICE

I, Wendy Buckingham, hereby certify that on the 7th day of February, 2017, I caused the foregoing **Verified Complaint** to be filed via the Electronic Case Filing System (ECF) and the document is available for viewing and downloading from the ECF System to the following counsel of record who have consented to electronic service:

> Thomas C. Jardim, Esq.
> Jardim, Meisner & Susser, P.C.
> 30B Vreeland Road, Suite 201
> Floham Park, NJ 07932
> Attorney for Plaintiff

/s/ Wendy Buckingham<br>Wendy Buckingham